UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| IVERA MEDICAL CORPORATION<br><br>                **Plaintiff**,<br><br>v.<br><br>HOSPIRA, INC<br><br>                **Defendant**. | **CIVIL ACTION NO. 6:10-cv-545**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff IVERA MEDICAL CORPORATION ("Ivera" or "Plaintiff"), hereby complains and alleges against Defendant HOSPIRA, INC. ("Hospira" or "Defendant") as follows:

**PARTIES**

1. Plaintiff Ivera is a California corporation that maintains its principal place of business at 3525 Del Mar Heights Road, Suite 430, San Diego, California, 92130.

2. Defendant Hospira is a Delaware corporation with its principal place of business at 275 North Field Drive, Lake Forest, Illinois 60045.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq*.

4.     This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 & 1338.

5.     This Court has personal jurisdiction over Hospira because, on information and belief, Hospira purposefully ships the infringing LifeShield Effect-IV products through established distribution channels into the State of Texas and the Eastern District of Texas.  On information and belief, Hospira owns and operates a regional distribution facility that maintains inventory of the infringing LifeShield Effect-IV products in the State of Texas.  On information and belief, Hospira also owns and operates manufacturing facilities in the State of Texas.  In addition, on information and belief, Hospira has authorized distributors of its products located in the Eastern District of Texas, and is otherwise engaged in substantial and regular business in the State of Texas and the Eastern District of Texas.

6.     Venue is proper under 28 U.S.C. §§1391(b) and (c) and 1400(b) because Hospira offers the infringing products for sale in the Eastern District of Texas and because Hospira is subject to personal jurisdiction in the Eastern District of Texas.

**GENERAL ALLEGATIONS**

7.     Ivera designed and developed the Curos™ Port Protector, a medical device that disinfects and protects the entry port on certain types of valves used with intravenous lines to help reduce bloodstream infections in hospital patients.  The Curos® Port Protector is a simple, innovative, disposable cap that guards against infection by keeping luer-activated injection ports protected and clean.

8. Ivera currently manufactures the Curos™ Port Protector in Carlsbad, California. Ivera markets and sells the Curos™ Port Protector to hospitals throughout the United States.

9. On August 24, 2010, United States Patent No. 7,780,794 B2 (the '794 patent), on an invention entitled "Medical Implement Cleaning Device," was duly and legally issued by the United States Patent and Trademark Office.

10. The '794 patent has been in force and effect since its issuance. Ivera has been at all times, and still is, the owner of the entire right, title and interest in and to the '794 patent.

11. Hospira sells throughout the United States a product line it refers to as the LifeShield Effect-IV Cap for Needleless Valves.

## COUNT I

### (INFRINGEMENT OF THE '794 PATENT)

12. Ivera realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

13. Hospira has used, offered for sale, sold, and/or imported into the United States products, including at least the LifeShield Effect-IV Cap, which literally and under the doctrine of equivalents infringes one or more claims of the '794 patent in violation of 35 U.S.C. §271.

14. Ivera has been damaged and has suffered irreparable injury due to acts of infringement by Hospira and will continue to suffer irreparable injury unless Hospira's activities are enjoined.

15. Ivera has suffered and will continue to suffer substantial damages by reason of Hospira's acts of patent infringement alleged above, and Ivera is entitled to recover from Hospira the damages sustained as a result of Hospira's acts.

16. Hospira has willfully and deliberately infringed the '794 patent in disregard of Ivera's rights.

## PRAYER FOR RELIEF

WHEREFORE, Ivera prays that judgment be entered by this Court in its favor and against Hospira as follows:

A. That Hospira has infringed the '794 patent;

B. Permanently enjoining and restraining Hospira, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys and those persons in active concert with or controlled by Hospira from further infringing the '794 patent;

C. That Hospira's infringement of the '794 patent was willful;

D. For an award of damages adequate to compensate Ivera for the damages it has suffered as a result of Hospira's conduct, including pre-judgment interest and a trebling of such damages due to Hospira's willful infringement;

E. That Hospira be directed to withdraw from distribution all infringing products, whether in the possession of Hospira or its distributors or retailers, and that all infringing products or materials be impounded or destroyed;

F. For monetary damages in an amount according to proof;

G. For interest on said damages at the legal rate from and after the date such damages were incurred;

      H.      That this is an exceptional case and for an award of Ivera's attorney fees and costs;

      I.      For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Ivera hereby demands a jury trial as to all issues that are so triable.

      Respectfully submitted,

      FINDLAY CRAFT, LLP

      By:  /s/ Eric H. Findlay

      Texas State Bar No. 00789886
      6760 Old Jacksonville Highway, Suite 101
      Tyler, Texas 75703
      (903) 534-1100
      (903) 534-1137  Telefax
      efindlay@findlaycraft.com